**Patanyi Estate**

*Donald J. Lee,* for Commonwealth of Pennsylvania, petitioner.

*John P. Papuga* and *John P. Montgomery,* for respondent administrator.

BOYLE, P. J., May 18, 1972.—Decedent, Joseph Patanyi, died testate on April 3, 1966. Decedent's son, George Patayni, respondent in this proceeding, was granted letters of administration c.t.a. on April 11, 1966, at no. 1598 of 1966 in the office of the Register of Wills, Allegheny County, Pa. The estate was valued at $7,499.32, the bulk of which was attributable to or consisted of decedent's business known as the New Grand Cafe, located at 4913-15 Second Avenue, Pittsburgh, Pa.

Decedent was survived by a widow and surviving children, legatees under his will, all of whom entered into an agreement with the respondent, George Patanyi, whereby they assigned their interest in decedent's estate to George Patanyi, and George Patanyi undertook, among other things, to pay decedent's widow, their mother, an annuity for her life. Affidavits of receipts and satisfaction acknowledging receipt of their legacies and discharging George Patanyi in his capacity as administrator c.t.a. from all claims against his administration of the estate without the necessity of filing a formal account and audit thereof were filed with this court on May 19, 1968.

On March 8, 1968, George Patanyi applied to the Commonwealth of Pennsylvania for transfer of the liquor license held in connection with the aforementioned business. The application was approved on May 1, 1968, and George Patanyi has operated the business as a sole proprietorship since that date.

Under letter dated July 30, 1968, the Common-

wealth of Pennsylvania, Department of Public Welfare, made George Patanyi aware of a claim against the estate of Joseph Patanyi in the amount of $750, which claim arises from the receipt by decedent prior to his death of medical assistance from the Commonwealth to which it is claimed he was not legally entitled. Subsequently, on October 5, 1970, the Commonwealth of Pennsylvania, Department of Public Welfare, filed a petition with this court for a citation to show cause why the respondent, George Patanyi, should not advertise the grant of letters to him for the above estate and further why he should not file an account of his administration of decedent's estate.

Respondent answered this petition along with new matter. On May 18, 1971, respondent filed a motion for summary judgment, requesting that judgment be entered in favor of George Patanyi, respondent, against the Commonwealth of Pennsylvania, Department of Public Welfare.

The issue before this court is a very narrow one, basically whether or not petitioner's claim is barred by virtue of section 732 of the Fiduciaries Act of 1949, P. L. 512, 20 PS §§320, 732. Section 732 of the Fiduciaries Act of 1949 reads as follows:

"At Risk of Personal Representative — (a) Rights of Claimants Against Personal Representatives.— [1956] A personal representative, at his own risk and without the filing, audit or confirmation of his account, may distribute real or personal property, and such distribution shall be without liability to any claimant against the decedent who has not given notice of his claim as provided by this act within one year after the first complete advertisement of the grant of letters to such personal representative or thereafter but prior to such distribution.

"(b) Rights of Claimants Against Distributed Property.—

"(1) Personal Property. No claimant shall have any claim against personal property distributed by a personal representative at his own risk pursuant to subsection (a) hereof, unless such claimant has given notice of his claim to the personal representative as provided by this act within one year after the first complete advertisement of the grant of letters, or thereafter but prior to such distribution.

"(2) Real Property. . . .

"(3) Liens and Charges Existing at Death. Nothing in this section shall be construed as affecting any lien or charge which existed at the time of the decedent's death on his real or personal property."

The pertinent part of the comment on the aforementioned act reads as follows:

"COMMENT—[Act of 1949]—This is based in part on section 49(b) of the 1917 act. It recognizes the rule of Ray's Estate, 345 Pa. 210, 25 A. 2d 803, and applies it to real as well as personal property. In addition, it is now clear that the non-diligent creditor has no rights against the distributee or the distributed property. The one-year period is measured from the grant of letters because it was contemplated that the grant of letters would be automatically advertised by the register within a short period after they were granted. . . ."

The stipulation of facts entered into between counsel which was filed with this court shows that the first advertisement of the granting of letters of administration c.t.a. to George Patanyi was made January 18, 1967, and that by letter dated July 30, 1968, the Commonwealth of Pennsylvania advised George Patanyi

for the first time of the claim against the estate, approximately 18 months after the initial advertising.

As was pointed out in Ray's Estate, 345 Pa. 210, at page 216:

". . . But allowing the dilatory creditor a right to share in undistributed assets is a very different thing from imposing at his instance a personal surcharge against the fiduciary who has distributed pursuant either to the first or the second part of section 49(b). Creditors who have presented their claim within six months may claim against the fiduciary personally unless his account has been confirmed by the orphans' court; creditors who have not presented their claims within six months have no personal claim against fiduciaries whether or not accounts have been audited and confirmed.

"While a creditor's failure to present his claim in time relieves the fiduciary of personal liability, it does not exclude such creditor from sharing in the balance for distribution shown at any audit of the accountant at which the claim is presented. Claims may be presented at any audit prior to confirmation or decree of distribution and may be allowed out of property of the decedent then available for distribution (section 49d) because the six months' period for presenting claims is not an absolute period of limitation but relative in the circumstances; it is intended to protect the administrator but not in all circumstances to bar the creditor. . ."

In the instant case, it appears that all debts known to decedent's administrator had been paid and that there was no balance for distribution in light of the family settlement entered into between all parties. Therefore, under these circumstances, the Commonwealth of Pennsylvania, Department of Public Welfare, must be considered as a dilatory creditor. There being no assets for distribution, the petition of the Common-

wealth for the allowance of its claim in the amount of $750 will be dismissed.

## DECREE

And now, May 18, 1972, the above-entitled case having been considered upon the record made at hearing before the late Hon. Malcolm Hay, who died on February 3, 1972, it is ordered, adjudged and decreed that the petition of the Commonwealth of Pennsylvania filed August 12, 1970, for the allowance of the claim of the Department of Public Welfare in the sum of $750 is hereby dismissed and the said claim is disallowed.